■ In the Matter of APARTMENT REST. SUCCESSOR, INC., Petitioner, v. NEW YORK STATE LIQUOR AUTHORITY, Respondent.— Determination of respondent State Liquor Authority disapproving petitioner's application for a restaurant liquor license unanimously annulled, on the law, with $30 costs and disbursements to petitioner, and the proceeding, in the exercise of discretion, remanded to respondent for reconsideration after a rehearing on proper notice. Respondent's notice of disapproval gives the "prior record for law observance" of applicant's principals Bronk and Palmer as the reason for its disapproval of its application, noting that Bronk was associated with a licensee receiving a 15-day suspension in July, 1964 and that Palmer had a license cancelled in 1957 (or 1959). However, the notice of hearing, to which petitioner was entitled, did not give notice that Bronk's record was a matter to be considered. Bronk's record was not, in fact, considered at the hearing, despite the provision of subdivision (1) of rule 1 of the Rules of State Liquor Authority (9 NYCRR 52.1) that the Authority may introduce such evidence as it deems necessary. Since the 1957 (or 1959) cancellation of Palmer's license is remote in time and

by itself might have been considered insufficient by respondent to sustain its conclusion, the matter must be remanded for further proceedings. Under the circumstances it is not necessary for the court to reach the argument made by petitioner that the agency's conclusion with respect to Bronk was inconsistent with its tolerance of Bronk's continuing association with licensees over a period of many years. Concur — Breitel, J. P., McNally, Stevens, Eager and Staley, JJ.